**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| BASEM YACOUB,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, New Orleans Field Office Director of Immigration and Customs Enforcement, Enforcement and Removal Operations,<br>Respondent. | No. 2:26-cv-03428-SHL-atc |

## ORDER GRANTING PETITION

On October 26, 2026, the Court received pro se Petitioner Basem Yacoub's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner challenges the legality and constitutionality of his immigration-related detention. (Id. at PageID 6.) He seeks release from Respondent's custody or, in the alternative, an individualized bond hearing. (Id. at PageID 7.)

According to the date Petitioner signed the Petition, and the United States Postal Service tracking code on the envelope received in the Clerk's Office, Petitioner signed and mailed the Petition on October 13. (ECF No. 1-1 at PageID 10.) However, on October 14, he was transferred to a detention facility in Natchez, Mississippi. (ECF No. 7 at PageID 17.) Unaware of the transfer, the Court issued its Order Staying Transfer and Requiring Response on October 28. (ECF No. 5.) On November 3, Respondent filed his response, in which he informs the Court of Petitioner's transfer, and contends that, as a result of his transfer, this Court lacks jurisdiction. (ECF No. 7 at PageID 16.) Additionally, Respondent contends that the Petition should be dismissed because Petitioner has not exhausted his administrative remedies, and he is subject to

mandatory detention under 8 U.S.C. § 1225(b)(1)(B)(ii). (Id.) Petitioner has not replied.

For the reasons stated below, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately transport Petitioner back to the Western District of Tennessee at the Government's expense and to release him immediately.

## BACKGROUND

Petitioner is a citizen of Egypt who entered the United States in June 2023. (ECF No. 7-2 at PageID 27.) Upon entry, he was taken into custody at the border for three days, transferred to Louisiana for thirty-two days, then released. (ECF No. 1 at PageID 6.) He has since been living in Nashville. (Id.) On October 8, 2026, he was taken into ICE custody when he appeared at an immigration appointment in Nashville. (Id.) According to the date Petitioner signed the Petition and the United States Postal Service tracking code on Petitioner's envelope, he signed and mailed the Petition on October 13. (ECF No. 1 at PageID 8; ECF No. 1-1 at PageID 10.) The next day, Respondent transferred Petitioner out of the Western District of Tennessee to a detention facility in Natchez, Mississippi. (ECF No. 7 at PageID 17.)

## ANALYSIS

Petitioner challenges his continued detention without an individualized bond hearing in the West Tennessee Detention Facility. (ECF No. 1 at PageID 6.) He seeks release from Respondent's custody or, in the alternative, a bond hearing. (Id. at PageID 7.) Respondent argues that the Petition should be dismissed because (1) due to Petitioner's transfer, this Court lacks jurisdiction, (2) he has not exhausted administrative remedies, and (3) he is legally detained under 8 U.S.C. § 1225(b)(1)(B)(ii)'s mandatory detention scheme. (ECF No. 7 at PageID 16.)

First, Respondent contends that this Court lacks jurisdiction because Petitioner was transferred to Natchez, Mississippi on October 14 before Petitioner filed his Petition on October

26. (Id.) "Generally, if a district court has proper jurisdiction when a habeas petition is filed, a subsequent transfer of the prisoner will not defeat habeas jurisdiction." Weiss v. Healy, No. 23-CV-2074, 2024 WL 1858529, at *4 (N.D. Ohio Mar. 15, 2024), report and recommendation adopted, No. 23-CV-2074, 2024 WL 1856545 (N.D. Ohio Apr. 29, 2024) (citing White v. Lamanna, 42 F. App'x 670, 671 (6th Cir. 2002)). And, "[u]nder the 'prison mailbox rule,' a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts." Neal v. Bock, 137 F. Supp. 2d 879, 882 n.1 (E.D. Mich. 2001). According to the date Petitioner signed the Petition and the United States Postal Service tracking code on Petitioner's envelope, the Petition was signed and mailed a day before Petitioner's transfer to Natchez. (ECF No. 1 at PageID 8; ECF No. 1-1 at PageID 10.) Thus, the Court retains jurisdiction over the Petition, despite Petitioner's transfer out of the Western District of Tennessee.

Second, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (ECF No. 7 at PageID 16.) However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-cv-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion).

Third, Respondent contends that Petitioner is legally detained because Petitioner was found by an asylum officer to have a credible fear of persecution in Egypt, and was placed in full

proceedings before an immigration judge, therefore falling under 8 U.S.C. § 1225(b)(1)(B)(ii)'s mandatory detention scheme. (ECF No. 7 at PageID 20–21.) However, none of Respondent's arguments change the fact that Petitioner was released and has remained an interior resident of the United States since 2023. Not only did ICE release Petitioner, but also it apparently abandoned his expedited-removal proceedings, and placed Petitioner in full removal proceedings. (ECF No. 7 at PageID 21.) "That fact alone undermines" Respondent's "argument that § 1225(b)(1) is the proper statutory provision for reviewing the petition." See Khogiani v. Raycraft, No. 25-cv 13744, 2025 U.S. Dist. LEXIS 266592, at *8 (E.D. Mich. Dec. 29, 2025). Respondent's argument did not hold water before Lopez-Campos, see id., and it does not hold water now. See also Vettah v. Raycraft, No. 26-cv-1735, 2026 U.S. Dist. LEXIS 148775, at *5–7 (W.D. Mich. July 6, 2026) (collecting cases) (noting that mandatory detention under § 1225(b)(1)(B)(ii) is not justified if a noncitizen is not presently in expedited removal proceedings).

Indeed, like the petitioners in Lopez-Campos, Petitioner was detained indefinitely under 8 U.S.C. § 1225(b) without the possibility of a bond hearing, despite having lived for a "significant time . . . within the interior of the United States." Lopez-Campos, 175 F.4th at 734. As a result, 8 U.S.C. § 1226(a) applies to Petitioner's detention, and the discretionary bond provisions of that statute govern.

Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention." Lopez-Campos, 175 F.4th 713, 734 (6th Cir. 2026). ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, he is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-cv-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under §

1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).”). Therefore, consistent with Lopez-Campos and this Court’s decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED**, at the Government’s expense, to immediately transfer Petitioner back to the Western District of Tennessee. Immediately following Petitioner’s return to this District, Respondent is **ORDERED** to release Petitioner, and immediately return to Petitioner any property seized by the Government, including, but not limited to any documentation in the possession of Petitioner at the time of his arrest and detainment. Respondent is **ENJOINED** from pursuing Petitioner’s detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 12th day of November, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE